**Clarence Leonard HEARNS, Jr., Plaintiff-Appellant,**

v.

**Kelley HARRINGTON; et al., Defendants-Appellees.**

**No. 16-15261**

United States Court of Appeals, Ninth Circuit.

Submitted December 14, 2016 *

Filed December 23, 2016

Clarence Leonard Hearns, Jr., Pro Se

Before: WALLACE, LEAVY, and FISHER, Circuit Judges.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**718**

MEMORANDUM \*\*\*

Clarence Leonard Hearns, Jr., a California state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging a First Amendment access-to-courts claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. §§ 1915A and 1915(e)(2)(B). *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Hearns's action because Hearns failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341–42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Lewis v. Casey*, 518 U.S. 343, 348–49, 352–53, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (an access-to-courts claim requires a plaintiff to show that defendants' conduct caused actual injury to a non-frivolous legal claim); *Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011) (prisoners have a constitutional right to litigate claims challenging their sentence or conditions of confinement without interference from prison officials), overruled on other grounds as stated by *Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015).

**AFFIRMED.**

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).